## Roseburgh Estate

*Frank J. Gaffney,* for estate.

ROSS, *J.,* April 17, 1985—At the audit of the first and interim account of the Union National Bank,

successor trustee of the charitable testamentary trust of Emilie M. Roseburgh, two questions for adjudication were presented to the court: (1) whether in spite of a retention provision the trustee acted properly in selling 480 shares of Northern Pacific Railway Company stock on July 23, 1968; and (2) whether the trustee may be released from the same testamentary restriction on its sale of the stock of the General Dynamics Corporation.

Emilie M. Roseburgh died, a resident of Allegheny County, Pa., on February 3, 1959. Her will dated December 1, 1958, and her codicil thereto dated January 28, 1959, were probated. After account filed by her executor, Frank J. Gaffney, a decree of distribution was entered April 26, 1960, awarding the balance in accordance with decedent's will, paragraph a, to Commonwealth Trust Company of Pittsburgh, trustee for the uses and purposes of the Pittsburgh Foundation as defined in a resolution and trust declaration adopted by the company board of directors April 20, 1945, namely research in geriatrics or medical care of the non-institutionalized elderly who require visiting nurse aid.

Decedent had directed the trustee to invest corpus in common stocks of well-managed corporations of the type defined as "a good business' man's risk" and stated her conviction that this type of stock would enhance in value and provide more income.

Paragraph four of her codicil directed the trustee "to retain the shares of stock which I now have in General Dynamics Corporation and Northern Pacific Railroad" in the "conviction that there is a good chance for enhancement of value" in these shares "which, over the long term will provide a larger income for the Fund." She further directed that one-half of trust income was to be accumulated for 25

years for reinvestment in the type of common stocks described.

The trustee accumulated income and invested in stocks which it believed met will requirements, and at the end of the 25 year period transferred the stocks along with income to principal.

On February 1, 1985, the trustee filed the present account. The petition for distribution recites that the Northern Pacific Railway Company in 1968 merged with the Great Northern Railway Company and the Chicago, Burlington and Quincy Railroad Company to form a new corporation, the Burlington Northern, Inc. By the terms of the merger, Northern Pacific shareholders were obliged to exchange their shares for shares in the new company.

A review of proxy statements and information supplied by the merger parties led the trustee to the conclusion that the surviving company would engage in activities substantially different from those of the Northern Pacific Railway Company at the time of will execution. After conference with general counsel for the Pittsburgh Foundation who was in accord with subsequent action, the trustee on July 23, 1968, sold the 480 Northern Pacific shares.

The trustee had received 450 shares of the General Dynamics Corporation which, by 1979 and 1980 stock splits, increased to 2250 shares now accounted for. The ledger value of the shares is $25,617.88. Market value March 14, 1985, was $164,812.50. From 1960 to 1985 with the exception of 1962-1964 and 1971-1978 dividends were paid from $.10 (1970) to $1.75 (1960).

The chief source of corporate revenue is military contracts with the United States government, a single source, which belies the testatrix's stated intent that these shares of stock would continue to enhance in value so as to provide a larger income for

the fund since the stock is not influenced by usual market forces.

The United States Government recently has criticized the company's billing practices and deferred payment of some bills.

Written argument was made to the court in justification of the trustee's requests. The Attorney General of Pennsylvania has, after due notice, indicated no objection to the prayer of the petition. The Pittsburgh Foundation does not object to the second request and has already sanctioned the first request.

Section 7319(b) of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, 20 Pa. C.S. §7319(b), provides:

"Where the instrument establishing a trust contains a restriction on the fiduciary's power of investment and the court having jurisdiction over the trust finds that adherence to the restriction is impractical or that the existing or reasonably foreseeable economic conditions are so far different from those prevailing at the creation of the trust that adherence to the restriction might deprive the respective beneficiaries of income and principal of the full benefits the testator or settlor intended them to enjoy, the court may release the fiduciary from the restriction to such extent and on such conditions, if any, as the court may deem appropriate."

The court finds first that the sale of the 480 shares of Northern Pacific Railway Company stock was a proper decision since the trustee was required otherwise to exchange these shares for shares of a corporation engaging in a business substantially different from the former corporation, which would have deprived the charitable beneficiary of the full benefit which the testatrix intended.

The court further finds that existing market conditions as to the shares of the General Dynamics

Corporation are so different from those prevailing at trust creation, that to require their retention would deprive the charitable beneficiary of the full benefit intended by the testatrix.

## ORDER OF COURT

And now, April 17, 1985, after consideration of the questions for adjudication raised by the petition for distribution of the Union National Bank, successor trustee, at the audit of its first and interim account,

It is ordered, adjudged and decreed that the account be confirmed; it is further ordered, adjudged and decreed that the sale by the trustee of 480 shares of the Northern Pacific Railway Company on July 23, 1968, is hereby ratified. It is further ordered adjudged and decreed that the trustee is released from the restriction contained in paragraph four of the codicil to the testatrix's will which forbade the sale of the stock of the General Dynamics Corporation.